**TRI–STATE CONSOLIDATED GAS COMPANY, Appellant,**

v.

**W. E. CAMPBELL et al., Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

James E. Moore, Paducah, for appellant.

Thomas Garrett, Thomas J. Marshall, Jr., Paducah, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment rendered by the court without a jury for the appellee, W. E. Campbell, for $5,000 for loss of furniture, clothing, etc., and for the appellee, his son, William Roy Campbell, a minor, for $2,500 for personal injuries. The loss and injuries resulted from a fire which destroyed the residence in which the appellees lived, allegedly caused by the explosion of a gas tank. Other than that the case was prematurely tried, the several particular grounds argued for reversal of the judgment are, in essence, that the court should have decided the case the other way because the plaintiffs had failed to meet the burden of proving that the explosion and fire were caused by the defendant's negligence.

In October, 1955, the defendant had installed a 115 gallon tank close to the outside kitchen wall of the house and from time to time supplied it with liquified petroleum or propane gas, used in several utensils in the house. The plaintiffs' evidence was that on July 7, 1956, the gas tank exploded and caused a fire which destroyed the building and all of its contents. When the tank was being installed, it fell while being unloaded. Evidence that a control valve through which gas was put into the tank was damaged was contradicted. Almost continuously after installation the odor of gas escaping from the tank was detected by several members of the plaintiffs' family. Tests made by applying soapsuds on two occasions showed leakage at a gauge or valve control. The defendant's employees supplying the gas were told several times about the leakage and the evidence thereof. The last time was about a week before the explosion when the tank was filled. The employee responded that he could not fix the leak, but it was "not leaking enough to hurt." There was a bit of evidence showing that the tank had been placed closer to a door and window of the building than is permitted by regulations of the State Fire Marshal.

William Roy Campbell testified he was in the backyard of his home, washing his baseball shirt, when he heard the sound

of escaping gas and called his father. He backed away, and the tank exploded with such force "it knocked me out in the garden." He suffered severe burns. His father testified that upon being alarmed by his son, he went to the back door of his home, and the escape of the gas was so great it caused a burning sensation in his eyes. He warned his son to get away; and, as he turned, the tank exploded, and the fire started.

The defendant's evidence was to the effect that safety valves on the tank prevented the escape of gas and that after the fire the tank was still on its foundation and the valves and fittings were intact. The evidence tended to show that the explosion and fire were within the house, and were probably caused by a leak in the plaintiff's appliances. This, however, is entirely speculation; for there is no definite evidence to sustain the theory. The witnesses attributed the odor of the gas which the plaintiffs had detected to the fact or opinion that when the tank was nearly empty odor would come from the utensils or appliances. It was admitted by the defendant's office manager that about a week before the fire, when the tank was nearly empty, Campbell had called and reported the odor of gas. The company's delivery man was advised to repair any leak. In short, the defendant's evidence only tends to show that the tank did not explode and cause the fire.

This summary, we think, abundantly shows the finding of fact by the trial court is sustained by evidence. Certainly, it cannot· be said that the finding should be set aside as clearly erroneous. CR 52.01.

■ We look to the point that the case was prematurely tried because it had been set down for trial in violation of the rules of McCracken Circuit Court. The record is as follows:

On October 22, 1957, notice was served by the plaintiffs upon the defendant that a motion would be made on October 25 that the case be set for trial and that the court would be asked to have a hearing on the motion. It is not shown whether the case was then set or when it was docketed. Nor was any objection entered with respect thereto. The next step was the service by the defendant on November 12 of notice that it would move the court on November 15 to remove the case from the trial docket because the order setting it was made when the defendant's counsel was confined to his bed by illness. No order was entered that day. An order of December 2 recites that when a hearing was had on November 15, the court offered to reset the case for another day "and counsel for the defense having declined," the motion to remove the case from the docket was overruled.

The ground of this argument is that the circuit court rules required that notice of a desire to have a case listed for trial shall be served "at least ten days prior to the next motion day at which such motions might be made," and that the notice of the first motion was served only three days before it was to be heard. The rules of the McCracken Circuit Court have been filed in this court in accordance with CR 83. See also CR 40, Assignment of Cases for Trial. The local rules fix motion day as the first and third Monday in each month. A reference to the calendar shows these days were October 7 and 21, and November 4 and 18, 1957. The rules in the particular proceeding were not specifically followed by either party. None of the motions were to be made on a rule day. The appellees, in their brief, insist that no advantage was taken of the opposing counsel and make statements to that effect.

Whatever may have been the divergence from strict conformity with the local rules with respect to setting the case for trial, it is apparent that the defendant waived such nonconformity. Nor does the defendant, as appellant, indicate any prejudice resulted from the court proceeding with the trial.

The judgment is affirmed.